UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )        No. 6:26-CR-31-REW-HAI-1
v.                              )
                                )
CHARLES SWEATT-WASHINGTON,      )        ORDER
                                )
        Defendant.              )

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 55 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Sweatt-Washington's guilty plea and adjudge him guilty of Count 2 of the Superseding Indictment and forfeiture. *See* DE 56 (Recommendation); *see also* DE 54 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 56 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 56, ACCEPTS Sweatt-Washington's guilty plea, and ADJUDGES him guilty of Count 2 of the Superseding Indictment;

2. Based on the Plea Agreement, plea colloquy, and the recommendation, the Court preliminarily forfeits Defendant's interest in the specific property identified in the forfeiture allegations of the Superseding Indictment. If, as to this Defendant, the United States seeks any further detail or a different forfeiture scope, it must file a motion within thirty (30) days of entry of this order. The Court will resolve forfeiture, as to this Defendant, as part of sentencing; and

3. The Court will issue a separate sentencing order.[1]

This the 30th day of June, 2026.



**Signed By:**

_Robert E. Wier_

**United States District Judge**

---

[1] Sweatt-Washington pleaded guilty at his initial appearance/arraignment. *See* DE 55. At the conclusion of that proceeding, Judge Ingram remanded Sweatt-Washington to the custody of the U.S. Marshal. *See id.* at 2. Absent intervening orders, Defendant shall remain in custody pending sentencing.